UNITED STATES, Appellee

v

MICKEY R. HALON, Private, U. S. Army, Appellant

17 USCMA 489, 38 CMR 287

*Captain Robert L. Wiesenthal* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Major Jack G. McKay,* and *Captain John Wall Hanft.*

*Captain Gregory U. Evans* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, Major John F. Webb, Jr.,* and *Captain L. Frank Chopin.*

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial convicted the accused of a number of offenses, including conspiracy to escape from custody, in violation of Article 81, Uniform Code of Military Justice, 10 USC § 881, and sentenced him to a dishonorable discharge, confinement at hard labor for two years, and total forfeiture of pay and allowances. The convening authority approved the findings of guilty, but modified the sentence by reducing the period of confinement to one year. A board of review affirmed.

On this appeal, the accused contends that certain instructions as to the conspiracy specification were prejudicially erroneous. Two of the instructions are as follows: (1) The "burden is not on the Government . . . to prove beyond a reasonable doubt that the overt act alleged . . . was consummated or completed or attempted"; and (2) the Government does not have the burden "to prove beyond a reasonable doubt even attempted assault in this case, with respect to this term overt act." See United States v Kidd, 13 USCMA 184, 32 CMR 184. The Government concedes the instructions are "questionable" when read separately, but it maintains that, considered with earlier complete and accurate instructions, the extractions are revealed as correct advice to the effect that "so far as the particular overt act alleged may also constitute a crime, there is no burden on the Government to prove it as such." In our opinion, the reasoning required to reach the Government's interpretation is too involved and too professionally oriented to give fair assurance that the court members interpreted the instructions in the same way. When instructions delineate apparently inconsistent rules as to the burden of proof, we cannot speculate that the court-martial followed the correct rule. United States v Rowan, 4 USCMA 430, 436, 16 CMR 4. See also United States v Pelletier, 15 USCMA 654, 36 CMR 152.

The findings of guilty as to the conspiracy offense (Charge II and its specification) are set aside and the charge is ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army for submission to the board of review for reconsideration of the sentence on the basis of the remaining findings of guilty.

Judges FERGUSON and KILDAY concur.